# Levick's Appeal.

Subsequent ratification of the acts of an agent is as effective to bind the principal as previous authority, provided the principal has knowledge of the action which he ratifies.

(Decided January 25, 1886.)

Appeal from a decree of the Common Pleas, No. 4, of Philadelphia County, sitting in equity. Affirmed.

The bill in this case was filed by Lewis J. Levick against John Diffley, praying an account of profits.

The facts as stated on behalf of the plaintiff were as follows:

Some time in the year 1876, the firm of Crew, Moore, & Levick entered into a partnership with John Diffley, by which they were to furnish the capital, and John Diffley was to carry on the cooperage business, they to receive one half and Diffley the other half of the profits. About the 1st day of January, 1880, the firm of Crew, Moore, & Levick dissolved by limitation, and a new firm was organized under the name of Crew, Levick, & Co., said firm consisting of J. Lewis Crew, John W. Moore, Samuel J. Levick, Jr., and Lewis J. Levick; the dissolution of the firm of Crew, Moore, & Levick caused a dissolution of the firm of John Diffley; and Lewis J. Levick having purchased the interest of John W. Moore in the Diffley firm, J. Lewis Crew and he agreed that their respective balance or interest in the money due them respectively, as partners in the dissolved firm, should remain there as loans to John Diffley, upon the consideration that they should severally receive a share of the profits.

The business of John Diffley continued under that arrangement until September 6, 1882, when, while Lewis J. Levick, the plaintiff, was in Europe, or on his way home therefrom, J. Lewis Crew made an agreement of settlement, but with notice that he had no authority to do so. Immediately upon the re-

NOTE.—Similar determinations are found in Gordon v. Preston, 1 Watts, 385, 26 Am. Dec. 75; Huntzinger v. Harper, 44 Pa. 204; Mundorff v. Wickersham, 63 Pa. 87, 3 Am. Rep. 531; McClintock v. South Penn. Oil Co. 146 Pa. 144, 28 Am. St. Rep. 785, 23 Atl. 211. And it has been held that a ratification of a part of an entire agreement is a ratification of the whole. Titus v. Catawissa R. Co. 5 Phila. 172.

turn of the plaintiff he was informed by Crew of the settlement and the terms thereof, when he told Crew that he had no authority to make such a settlement and that he would not agree thereto and he immediately notified the defendant of that fact. At that time plaintiff was a member of the firm of Crew, Levick, & Co., composed of J. Lewis Crew, Lewis J. Levick, and John W. Moore,—Samuel J. Levick, Jr., having died. When J. Lewis Crew was paid the consideration for the settlement on September 6, 1882, he transferred the note to the firm of Crew, Levick, & Co., in payment of the merchandise account due them by John Diffley; the cash received he deposited with said firm, which was carried by them as a cash loan; this was all done prior to plaintiff's return from Europe. Afterwards, Crew, being in Boston, wrote to plaintiff to send the note to the indorser and see if he would not discount it, which plaintiff did, and received therefor a check payable to the order of Crew, Levick, & Co., which check plaintiff, in the usual course of business, indorsed and deposited to the credit of his firm. The master found that the deposit of the $5,000, and the indorsement and deposit of the check to the credit of plaintiff's firm was a virtual receipt by him of the money, and therefore a ratification of the agreement of September 6, 1882, made by J. Lewis Crew, although he has found that Crew had no authority to make the settlement.

The court dismissed the bill and plaintiff appealed.

*Charles H. Downing* and *R. C. McMurtrie,* for the appellant. —A ratification of an unauthorized act of an agent must be the voluntary act of the principal with a full knowledge of his rights; the party must know that he would not be bound without such ratification. Pittsburgh & S. R. Co. v. Gazzam, 32 Pa. 340; Johann v. Inman, 17 Phila. Leg. Int. 190; Armory v. Delamirie, 1 Smith Lead. Cas. 7th Am. ed. 641.

Before the alleged act of ratification in this case, which is the acquiescence in the firm retaining the deposit by Crew of the money he had received, Levick disavowed the act by which Crew had obtained it, to him and to the defendant; this dissolved the contract so far as he, Levick, was concerned, and he could not after that have ratified it if he had desired, for no contract then existed capable of ratification. Wharton, Contr. § 290; Story, Agency, note, p. 90; White v. Sanders, 32 Me. 188.

*Francis E. Brewster,* for appellee.—Although no previous authority may have been given, by the principal to the agent, to enter into and sign the contract upon which the principal is sought to be charged, yet, if there be subsequent acts of assent or acquiescence on the part of the principal, he is as much liable upon the contract as if a previous authority had been duly given. Evans v. Mengel, 6 Watts, 72; Soames v. Spencer, 1 Dowl. & R. 32; Maclean v. Dunn, 1 Moore & P. 761; Fitzmaurice v. Bayley, 26 L. J. Q. B. N. S. 115; McCulloch v. McKee, 16 Pa. 289.

If the proceeds of a bill or note signed without authority by A's agent in the name of A are applied to A's use or for his benefit, with his knowledge or concurrence, such application of the money obtained upon the bill will, of itself, amount to a subsequent sanction and ratification of the act of the agent. Bolton v. Hillersden, 1 Ld. Raym, 224.

An adoption of the agency as to one part of a contract operates as an adoption of the whole transaction; for an act cannot be affirmed as to so much as is beneficial and rejected as to the residue. Hovil v. Pack, 7 East, 166; Farmers' Loan & T. Co. v. Walworth, 1 N. Y. 433. See also Wilson v. Poulter, 2 Strange, 844; Smith v. Hodson, 4 T. R. 212.

A subsequent ratification has a retrospective effect, and is equivalent to a prior command. Kelsey v. National Bank, 69 Pa. 426; Wright v. Burbank, 64 Pa. 247; Pittsburgh & S. R. C. v. Gazzam, 32 Pa. 340; cases cited in footnote, 1 Addison, Contr. § 60; Bristow v. Whitmore, 9 H. L. Cas. 391, Reversing 28 L. J. Ch. N. S. 801; Udell v. Atherton, 7 Hurlst. & N. 172, 30 L. J. Exch. N. S. 340.

The principal is liable for the unauthorized act of his agent when he accepts the benefits resulting therefrom. Reynolds v. Fenton, 2 Phila. 222; Horter v. Silliman, 3 W. N. C. 405; Shiras v. Morris, 8 Cow. 60.

When a party by his acts and declarations sanctioned and confirmed a void sheriff's sale of his property, it was held that the sheriff was to be treated as a mere unauthorized agent, and therefore the sale by him after the assent and confirmation was valid. Klopp v. Witmoyer, 43 Pa. 226.

An act wholly unauthorized at the time may unquestionably be adopted so as to bind the party for whom it was assumed to be done, and this as to such party would for every purpose be

equivalent to its original authorization. Hays v. Stone, 7 Hill, 131; Garrett v. Gonter, 42 Pa. 143, 82 Am. Dec. 498; Palmerton v. Huxford, 4 Denio, 166.

The court will not set aside a master's report, unless the evidence be so inconclusive as not to sustain a verdict at common law. Hottenstein's Appeal, 2 Grant Cas. 301; Harris's Appeal, 2 Grant Cas. 304; McCay v. Black, 36 Phila. Leg. Int. 471; Speakman's Appeal, 71 Pa. 25.

Nothing but very clear error will justify an appellate court in setting aside a master's finding of the facts. Kisor's Appeal, 62 Pa. 428; Phillips's Appeal, 68 Pa. 130; Sproull's Appeal, 71 Pa. 137; Clarkson v. Norton, 31 Phila. Leg. Int. 277; Shoemaker v. Mutual Live Stock Ins. Co. 32 Phila. Leg. Int. 264; Crowell v. James, 2 W. N. C. 176; Trexler v. Mennig, 2 W. N. C. 677; Walton v. Whann, 8 Legal Gazette, 82; Burton's Appeal, 93 Pa. 214.

Per Curiam:

It is unquestioned law that subsequent ratification of the act of an agent is as effective to bind the principal as previous authority, provided the latter had knowledge of the action which he ratifies. In this case the master finds facts and circumstances sufficient to satisfy him that the appellant had knowledge, and having that knowledge, he ratified the action of his copartner in making the settlement, and participated in the enjoyment of the money received. The court confirmed the findings of the master.

A careful examination of the record discloses no error in the conclusion at which they arrived.

Decree affirmed and appeal dismissed, at the costs of the appellant.